JACKSON, Appellant,

v.

SUNNYSIDE TOYOTA, INC., et al., Appellees.

[Cite as *Jackson v. Sunnyside Toyota, Inc.,* 175 Ohio App.3d 370, 2008-Ohio-687.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 89503.

Decided Feb. 21, 2008.

Stanley Jackson Jr. and Michael L. Belcher, for appellant.

Benesch, Friedlander, Coplan & Aronoff, L.L.P., Edward J. Stoll Jr., and Tamara L. Karel, for appellee Sunnyside Toyota, Inc.

Weltman, Weinberg & Reis Co., L.P.A., Rosemary Taft Milby, and Danielle Cullen, for appellees End Trust and Huntington National Bank.

---

Anthony O. Calabrese Jr., Presiding Judge.

{¶ 1} Plaintiff-appellant, Stanley Jackson Sr., appeals the trial court's dismissal of his complaint for breach of contract, violations of the Ohio Consumer Sales Practices Act ("CSPA"), conspiracy, and fraud against defendants-appellees, Sunnyside Toyota, Inc. ("Sunnyside") and End Trust and Huntington National Bank ("the bank"). After reviewing the facts of the case and the pertinent law, we affirm.

I

{¶ 2} On August 24, 1998, appellant leased a car from Sunnyside through the bank. The lease expired on August 24, 2001, and appellant opted to purchase the car by entering into a buy-out agreement with the bank. The terms of the contract were that appellant would pay the bank $446.58 per month for 60 months at a 6.4 annual percentage rate, totaling $26,794.80. On August 30, 2001, a Sunnyside representative contacted appellant and persuaded him to enter into a new agreement with the bank to purchase the same vehicle for $604.70 per month for 54 months at a 16.76 annual percentage rate, totaling $32,653.80. Appellant alleges that the Sunnyside agent made false representations to him about the vehicle's ownership and threatened repossession and criminal charges if appellant did not sign the second agreement.

{¶ 3} Appellant signed the second contract on August 31, 2001, and made the $604.70 payments starting in September 2001. On December 21, 2006, appellant filed a complaint against Sunnyside and the bank, alleging breach of contract, CSPA violations, conspiracy, and fraud, when the bank sold the car to him, then days later ignored that agreement and sold the car to Sunnyside, who in turn resold the car to appellant at a higher price. On January 31, 2007, the court granted the bank's and Sunnyside's motions to dismiss.

## II

{¶ 4} Appellant assigns three errors for our review, and as they are interrelated, we will discuss them together. In his first assignment of error, appellant argues that "the trial court erred in dismissing appellant's complaint pursuant to Ohio Rule of Civil Procedure 12(B)(6)." In his second and third assignments of error, appellant argues that the dismissal was improper because "the statute of limitations had not expired under the 'discovery rule' which pertains to the Ohio Consumer Sales Practices Act, R.C. 1345.01, et seq., as same relates to fraud and a continuing conspiracy to commit fraud," and because "the statute of limitations applicable to a contract in writing permits the action to be commenced within fifteen (15) years from the date of the contract." Specifically, appellant argues that the bank and Sunnyside breached the first contract and fraudulently compelled appellant to enter into the second contract. Furthermore, appellant alleges that both contracts constituted consumer transactions for the purpose of R.C. 1345.01 et seq. and that Sunnyside and the bank violated the CSPA by conspiring to commit this fraudulent act together.

{¶ 5} Civ.R. 12(B) governs a defendant's motion to dismiss for, among other things, "(6) failure to state a claim upon which relief can be granted." We recently set forth the standard of review regarding a dismissal for failure to state a claim in *DeMell v. Cleveland Clinic Found.*, Cuyahoga App. No. 88505, 2007-Ohio-2924, 2007 WL 1705094, ¶ 6-7:

Appellate review of a judgment granting a Civ.R. 12(B)(6) motion to dismiss is de novo. When reviewing such a judgment, an appellate court must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff.

For a defendant to prevail on a Civ.R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling relief. A court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials. Moreover, a court must presume that all factual allegations set forth in the complaint are true and must make all reasonable inferences in favor of the nonmoving party.

(Citations omitted.)

### Consumer Sales Practices Act

{¶ 6} Pursuant to R.C. 1345.02(A), "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction." Additionally, under R.C. 1345.03(A), "No supplier shall commit an unconscionable act or practice in connection with a consumer transaction."

{¶ 7} Appellant argues that the bank and Sunnyside violated the CSPA; however, we first conclude that the CSPA does not apply to the bank in the

instant case. "Consumer transactions" do not include transactions between "financial institutions" and their customers. See R.C. 1345.01(A) and 5725.01(A). See also *Haines v. Key Oldsmobile Co.* (Oct. 28, 1997), Franklin App. No. 97APE06–750, 1997 WL 677984 (holding that "any transaction between a financial institution and its customer, whether it be lending money to buy a car or actually leasing a car, is not a 'consumer transaction' for purposes of the CSPA").

{¶ 8} After concluding that the bank is exempt from CSPA liability, we turn to appellant's allegations that Sunnyside violated the CSPA. While Sunnyside falls squarely within R.C. 1345.01(A)'s definition of "consumer transactions," we find that the applicable statute of limitations bars appellant's claim. R.C. 1345.10(C) states that CSPA claims "may not be brought more than two years after the occurrence of the violation which is the subject of [the] suit."

{¶ 9} In the instant case, the violation occurred no earlier than August 30, 2001, with the signing of the second contract. Appellant did not file his claim until December 21, 2006—over five years after the act in question, thus clearly outside the statute of limitations. However, appellant argues that the discovery rule applies to his case, which extends the start date for running the statute of limitations to when "the consumer discovers or should have discovered the ground for [the violation] and before any substantial change in condition of the subject of the consumer transaction." R.C. 1345.09(C). Appellant further argues that he did not discover the violation until February 19, 2004, when he received a letter he requested from the bank noting that "this account is paid in full and closed as of 09/07/01. The vehicle was purchased by Sunnyside Toyota."

{¶ 10} Sunnyside, on the other hand, argues that this limited discovery rule applies to actions for contract rescission, and is not applicable to contract claims for money damages. We agree with Sunnyside, as R.C. 1345.09(C) explicitly states that the discovery rule applies "in any action for rescission." Appellant does not pray for contract rescission in the instant case. Additionally, the vehicle's depreciation between the time of the sale in 2001 and the filing of the complaint in 2006 constitutes "[a] substantial change in the condition of the goods." See *Lloyd v. Buick Youngstown GMC Truck Co.* (1996), 115 Ohio App.3d 803, 808, 686 N.E.2d 350.

{¶ 11} Given that the CSPA does not apply to the bank and appellant's CSPA claim against Sunnyside is barred by the statute of limitations, appellant can prove no set of facts entitling him to relief under the CSPA.

**Fraud**

{¶ 12} To prove a fraud claim, the plaintiff must show that the defendant made a representation that was both material to the transaction and knowingly false with the intent of misleading the plaintiff to rely on it, that the

plaintiff justifiably relied on the defendant's representation, and that this reliance caused injury to the plaintiff. *Cohen v. Lamko, Inc.* (1984), 10 Ohio St.3d 167, 169, 10 OBR 500, 462 N.E.2d 407.

{¶ 13} In the instant case, appellant argues that the bank and Sunnyside "committed fraud by conspiring to ignore Huntington's first contract to purchase the subject vehicle and thereafter sell the vehicle to Sunnyside so that a higher interest rate would be earned by Huntington."

{¶ 14} We first review appellant's allegations under R.C. 2305.09, which mandates a four-year statute of limitations for fraud claims. As noted above, appellant did not file this case until more than five years after the cause of action accrued. However, appellant once again argues that the discovery rule applies to his situation. See *Investors REIT One v. Jacobs* (1989), 46 Ohio St.3d 176, 180, 546 N.E.2d 206 (holding that for "claims brought under R.C. 2305.09, * * * the date of discovery may toll the running of the governing statute of limitations until the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained-of injury").

{¶ 15} In *Doe v. Catholic Diocese*, 158 Ohio App.3d 49, 2004-Ohio-3470, 813 N.E.2d 977, ¶ 23, quoting *Kennedy v. Heckard*, Cuyahoga No. 80234, 2002-Ohio-6805, 2002 WL 31770490, quoting *Helman v. EPL Prolong, Inc.* (2000), 139 Ohio App.3d 231, 241, 743 N.E.2d 484, quoting *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 379, 23 O.O.3d 346, 433 N.E.2d 147. We held that " ' " '[a] Civ.R.12(B)(6) motion to dismiss based upon a statute of limitations should be granted only where the complaint conclusively shows on its face that the action is so barred.' " ' " *Doe* presented a procedural problem analogous to the case at hand. Doe's negligence claim was barred by the applicable statute of limitations; however, Doe asserted that the statute was tolled until "she acquired actual knowledge that she had a claim against the Church." In *Doe*, we reviewed the complaint in light of the applicable statute of limitations and tolling laws, and concluded that the court properly dismissed Doe's case for failure to state a claim. "Doe makes no claim of repressed memory in her complaint and ignores that she had a duty to exercise reasonable diligence to determine whether she had a claim. Accordingly, we are obliged to follow [case law] and thus conclude that Doe's claims are time-barred." Id. at ¶ 29.

{¶ 16} In the instant case, a careful reading of the complaint shows that appellant does not mention a statute of limitations, tolling, or any dates other than August 24, 2001, through September 7, 2001, which is when appellant alleges the conspiracy to commit fraud took place. Even more striking is the absence of appellant's discovery-rule theory in his complaint. Attached to the complaint is a copy of the bank's February 19, 2004 letter to appellant, although appellant makes no reference to this letter in the body of the complaint. If we look at "the

averments set forth in the complaint," *DeMell,* we fail to see any facts that toll the statute of limitations in the instant case.

{¶ 17} Assuming arguendo that the February 19, 2004 letter is enough to claim that the discovery rule was alleged in the complaint, we review the merits of this rule as applied to the facts at hand. Appellant argues that he "first became aware of the scam when he inquired with Huntington as to whether the account was paid off regarding the August 24, 2001 loan and Huntington responded with a letter which was referred to in appellant's motion in opposition to appellee's motion to dismiss." We are not persuaded that this was the first time that appellant became aware of the "scam." First, appellant alleges that he signed a contract to buy the car on August 24, 2001, then signed another contract, albeit allegedly fraudulent, to purchase the same car six days later at a higher price. This unusual chain of events should alert a reasonable person to inquire further into the situation. Second, the fact that appellant requested a letter from the bank as to whether the original loan was paid off shows that he was, in fact, alerted to a potential problem, and he cannot now say that he discovered this only upon receiving the response to his inquiry.

{¶ 18} Whether or not we apply the discovery rule to the case at hand, we find that the four-year statute of limitations has run on appellant's fraud claims, and the court's dismissal pursuant to Civ.R. 12(B)(6) was proper.

**Breach of Contract**

{¶ 19} Appellant's final argument is that the bank and Sunnyside breached the August 24, 2001 contract by failing to honor its terms. Sunnyside, on the other hand, argues that it was not a party to the contract and therefore, appellant has failed to state a claim for breach of contract against it. A review of the August 24, 2001 agreement shows that Sunnyside was not a party to this contract. Furthermore, a review of appellant's complaint shows that he did not claim Sunnyside was a party to this agreement. Sunnyside got involved on August 30, 2001, when one of its representatives convinced appellant to purchase his car for the second time. It is axiomatic that the plaintiff must show that the defendant was a party to the contract before proceeding on a breach of contract theory. See *Host v. Ursem* (July 15, 1993), Cuyahoga App. No. 63109, 1993 WL 266901 (holding that a contract is an agreement "whereby one party becomes bound to another to pay a sum of money or to perform or omit to do a certain act"). Accordingly, we hold that appellant failed to state a claim upon which relief could be granted for breach of the August 24, 2001 contract against Sunnyside.

{¶ 20} The bank argues that the August 24, 2001 agreement was voided by the personal loan agreement dated August 31, 2001, which states: "You also

acknowledge that (i) none of our employees or agents have told you anything that does not agree with the terms of this document; [and] (ii) there are no side agreements or any other agreements that affect your obligations set forth in this document."

{¶ 21} The bank asserts that appellant's breach-of-contract claim necessarily fails because there was no valid contract to breach, as the August 24, 2001 agreement was expressly supplanted by the subsequent August 30, 2001 agreement. We agree. To succeed on a breach-of-contract claim, a plaintiff must show that a valid contract existed. *Host.* As stated earlier, appellant alleges that only the August 24, 2001 agreement was breached. The bank puts forth evidence that this agreement was voided by a subsequent agreement between the parties. See *TRINOVA Corp. v. Pilkington Bros., P.L.C.* (1994), 70 Ohio St.3d 271, 277, 638 N.E.2d 572 (holding that "a subsequent contract does not supersede or modify unambiguous terms in a preceding contract unless the subsequent agreement specifically evidences an intent to do so"). Appellant does not contradict this evidence, other than to allege that the subsequent agreement was the product of fraud. Unfortunately, appellant's fraud claim is barred by the statute of limitations. Notwithstanding the fraud, there is clear evidence in the August 31, 2001 contract that the parties intended to supplant the earlier agreement. As a result, appellant can show no set of facts entitling him to relief on a breach-of-contract claim.

{¶ 22} While we are aware that cases should be decided on their merits when possible, appellant cannot *overcome basic procedural hurdles in the instant case.* See *De Hart v. Aetna Life Ins. Co.* (1982), 69 Ohio St.2d 189, 192, 23 O.O.3d 210, 431 N.E.2d 644 (holding that "it is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits. See, e.g., *Cobb v. Cobb* (1980), 62 Ohio St.2d 124 [16 O.O.3d 145, 403 N.E.2d 991]. Judicial discretion must be carefully—and cautiously—exercised before this court will uphold an outright dismissal of a case on purely procedural grounds"). The lower court was not able to review the CSPA and fraud claims because they were barred by statutes of limitations, and, as a result, there was no viable claim for breach of the August 24, 2001 contract. The lower court did not err in dismissing appellant's claims under Civ.R. 12(B)(6), as appellant failed to state claims upon which relief could be granted. Appellant's three assignments of error are overruled.

Judgment affirmed.

ROCCO and STEWART, JJ., concur.