DECISION AND JUDGMENT ENTRY
{¶ 1} Cheryl L. Swanson appeals the judgment of the Vinton County Court of Common Pleas, dismissing her complaint, pursuant to Civ.R. 12(B)(6), against the Boy Scouts of America, Simon Kenton Council, Tom Tweedle, Dr. Stephen Markovich, Charles E. Brant, Charles R. Swanson, Chris Rohr, and Chuck Howard (hereinafter collectively "Boy Scouts"). The court found that all of Swanson's claims against the Boy Scouts were time barred by the applicable statutes of limitations. On appeal, Swanson contends that the trial court erred when it dismissed all of her claims. Because after presuming that all of the facts alleged in Swanson's complaint are true and construing all reasonable inferences in favor of Swanson (as the non-moving party), and because it appears beyond doubt that no provable set of facts would entitle Swanson to relief, we disagree. Accordingly, we affirm the judgment of the trial court. *Page 2 
 I. {¶ 2} Swanson volunteered as a Boy Scout leader. She filed a complaint against the Boy Scouts on March 16, 2007. She alleged that on or about July 4, 2002, while participating in a `Slip n' Slide' Boy Scout activity, she fell and sustained a traumatic brain injury. She alleged that she sustained a bodily injury because the Boy Scouts negligently failed to: (1) adequately supervise the activity; (2) provide proper safety equipment such as helmets in the activity; (3) instruct participants in the activity; and (4) train and supervise the organizers of the activity. In addition to her negligence claim, Swanson asserted claims of intentional tort, deception, respondeat superior and loss of consortium. Swanson prayed for damages in an amount greater than two billion dollars ($2,000,000,000.00)[1] plus attorney fees and costs.
 {¶ 3} On April 13, 2007, the Boy Scouts moved the trial court to dismiss the complaint, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief could be granted. The Boy Scouts asserted that Swanson's claims are barred by the applicable two-year statute of limitations contained in R.C. 2305.10. Swanson failed to file a direct response to the motion to dismiss, and she never asserted any argument that her claims were timely filed. Instead, Swanson filed a "Motion for Memorandum of Decision," in which Swanson argued that she is entitled to judgment for the full amount sought in her complaint. Eventually, the court granted the Boy Scouts' Civ.R. 12(B)(6) motion to dismiss.
 {¶ 4} Swanson appeals and asserts one assignment of error. She contends that the trial court erred when it granted the Boy Scouts' motion to dismiss. *Page 3 
 II. {¶ 5} A dismissal for failure to state a claim upon which relief can be granted is a question of law which we review de novo. Cleveland Elec.Illum. Co. v. Pub. Util. Comm. (1996), 76 Ohio St.3d 521, 523. In determining whether a complaint states a claim upon which relief may be granted, all factual allegations are presumed to be true and all reasonable inferences are made in favor of the nonmoving party.State ex rel. Talwar v. State Med. Bd. of Ohio, 104 Ohio St.3d 290,2004-Ohio-6410, ¶ 5; Perez v. Cleveland (1993), 66 Ohio St.3d 397, 399;Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. However, unsupported conclusions are not considered admitted and are insufficient to withstand a motion to dismiss. State ex rel. Hickman v. Capots
(1989), 45 Ohio St.3d 324. (Citations omitted.) In order for a court to dismiss a complaint pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Maitland v. Ford Motor Co.,103 Ohio St.3d 463, 2004-Ohio-5717, ¶ 11; York v. Ohio State Highway Patrol (1991),60 Ohio St.3d 143, 144; O'Brien v. University Community Tenants Union,Inc. (1975), 42 Ohio St.2d 242, syllabus.
 {¶ 6} Ohio courts have noted that "[o]ften, the application of a statute of limitations involves a mixed question of law and fact" and "[therefore, the court may dismiss the complaint pursuant to Civ.R. 12(B)(6) only if it can determine from the face of the complaint that the action is barred by the statute of limitations." Doe v.Robinson, Lucas App. No. L-07-1051, 2007-Ohio-5746, ¶ 17, citing Doe v.Archdiocese of Cincinnati, 109 Ohio St.3d 491, 2006-Ohio-2625, ¶ 11. Further, "[a] Civ.R. R. 12(B)(6) motion to *Page 4 
dismiss based upon a statute of limitations should be granted only where the complaint conclusively shows on its face that the action is so barred." Jackson v. Sunnyside Toyota, Inc., Cuyahoga App. No. 89503,2008-Ohio-687, ¶ 15, citing Doe v. Catholic Diocese, 158 Ohio App.3d 49,55, 2004-Ohio-3470.
 {¶ 7} Before we begin our analysis, we note that Swanson is a pro se litigant. Typically, "pro se litigants are, `presumed to have knowledge of the law and of correct legal procedure and [are] held to the same standard as all other litigants." (Cites omitted.) Kier v. Kier, Highland App. No. 06CA35, 2007-Ohio-4190, ¶ 13. However, "this court has long had a policy of affording `considerable leniency' to pro se litigants." (Cites omitted.) Robb v. Smallwood, Meigs App. No. 05CA4,2005-Ohio-5863, ¶ 5. As such, this court has not "held pro se litigants to the same standard as attorneys." Id. Despite this court's long standing rule, we will not "`conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning.'" Id. In other words, pro se litigants are "required to at least submit a brief that contains some cognizable assignment of error." Id. Thus, we will address only those cognizable portions of Swanson's assignment of error.
 A. {¶ 8} Swanson first contends that the Boy Scouts did not timely file their motion to dismiss and did not have their attorney sign the same as required by law. The record does not show that Swanson raised these arguments in the trial court. Thus, she forfeited raising them in this appeal. Regardless, her contentions are without merit.
 1. *Page 5 {¶ 9} Civ.R. 12(A) provides that "The defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him[.]" Civ.R. 12(A). However, a motion to dismiss for failure to state a claim for relief may be made by motion, rather than by answer, "at the option of the pleader[.]" Civ.R. 12(B). Here, on March 16, 2007, Swanson had the clerk send the complaint and summons by certified mail for service on defendants. One of the defendants signed for the certified mail on March 17, 2007. The Boy Scouts filed their motion to dismiss on April 13, 2007, exactly 28 days following the filing of the complaint, and thus, within 28 days following the service of process on defendants. As such, we find that the Boy Scouts timely filed their motion to dismiss.
 2. {¶ 10} "All motions shall be signed in accordance with Rule 11." Civ.R. 7(B)(4). "Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address, attorney registration number, telephone number, telefax number, if any, and business e-mail address, if any, shall be stated." Civ.R. 11. Further, "[i]f a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served." Id.
 {¶ 11} Here, the defendants' attorney signed the front page of the motion to dismiss and the certificate of service. However, the attorney did not sign the last page of the motion memorandum, i.e., the signature line is blank. Thus, it appears that the lack of a signature on the last page of the motion is an oversight. Further, the rule does not *Page 6 
provide where exactly on the motion the attorney must sign, just that the motion must be signed by the attorney of record. As such, we see no reason why an attorney's signature on the front page of a motion would not satisfy Civ.R. 11. Consequently, we find that the Boy Scouts' attorney of record complied with the applicable law.
 B. Applicable Statutes of Limitation {¶ 12} We now examine Swanson's contention that she timely filed her complaint.
 1. Claims of Negligence and Intentional Tort (Including Respondeat Superior) {¶ 13} R.C. 2305.10 provides that "an action for bodily injury * * * shall be brought within two years after the cause of action accrues." R.C. 2305.10 "governs all actions whose real purpose is to recover damages for injury to the person and losses incident to that injury." 66 Ohio Jur.3d § 49, Limitations and Laches. The two-year statute of limitations in R.C. 2305.10 also applies generally to bodily injury claims that arise as the result of an intentional tort. See Funk v.Rent-All Mart, Inc., 91 Ohio St.3d 78, 2001-Ohio-270, syllabus; see, also, 66 Ohio Jur.3d § 50, Limitations and Laches.
 {¶ 14} Here, Swanson's complaint asserts that she suffered a traumatic brain injury as a result of a fall that occurred on July 4, 2002. However, she failed to file her complaint until March 16, 2007, which was well after the two-year statute of limitations. As such, the applicable statute of limitations bars Swanson's negligence and intentional tort claims. Consequently, we find that the trial court did not err in dismissing those claims pursuant to Civ.R. 12(B)(6).
 2. Claim for Loss of Consortium {¶ 15} Swanson asserted a claim for loss of consortium. She alleged that she "suffered mental anguish and severe [e]motional distress and has lost the emotional *Page 7 
support, society, [c]ompanionship and consortium of her son, Raymond Swanson." Swanson did not name her son as a party to the original complaint. Even assuming Swanson's consortium claim is viable, it is barred by the applicable statute of limitations.
 {¶ 16} This court has noted that the statute of limitations for a claim of loss of consortium is four-years as codified in R.C. 2305.09."Venkam v. Astrolite Alloys (1991), 73 Ohio App.3d 90, 98 fn. 6, citingHershberger v. Akron City Hosp. (1987), 34 Ohio St.3d 1. Swanson filed her complaint four years and eight months after the July 4, 2002 fall. As such, the applicable statute of limitations bars her consortium claim. Consequently, the trial court did not err when it dismissed this claim.
 3. Claim of Deception {¶ 17} Finally, Swanson asserts a claim of "disseption," which we believe that she means deception. She alleges in her complaint that the Boy Scouts deceived her by acts of preying on her alleged disabilities and causing her extreme emotional distress. The following are the allegations under this cause of action:
 31. The acts of all Defendants in deceiving the Plaintiff Cheryl Swanson [i]n doing acts and contracts with knowledge of her handicap capabilities [o]f knowing what was correct and incorrect and trying to trick her into [u]ntruths.
 32. As a direct and proximate result of the intentional deception of all [o]f the Defendants, Plaintiff Cheryl Swanson suffered extreme emotional [s]tress both to her mental and physical wellbeing. *Page 8 
The only conceivable cause of action this could be is a claim of fraud. See 3 O.J.I. § 307.01 (stating that fraud "is a deception practiced with a view to gaining an unlawful or unfair advantage).[2]
 a. Statute of Limitations for Fraud {¶ 18} The statute of limitations governing fraud claims is four-years as set forth in R.C. 2305.09. Jackson, supra, at ¶ 14.
 {¶ 19} Here, Swanson's fraud claim fails to set forth with any specificity or particularity when the acts of deception took place or what the wrongful acts were. We can reasonably infer from the allegations that the acts occurred after Swanson suffered her alleged injury on July 4, 2002. As such, we cannot conclusively determine from the allegations in the complaint when the alleged deceptive or fraudulent acts occurred. Thus, we cannot determine when the cause of action accrued. Consequently, we find that the trial court erred when it found that the statute of limitations barred Swanson's fraud claim.
 b. Particularity Requirement of Civ.R. 9(B) {¶ 20} Boy Scouts argue that Swanson failed to assert any fraud claim with sufficient particularity as required by Civ.R. 9(B). *Page 9 
 {¶ 21} "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Civ.R. 9(B).
 {¶ 22} As we stated earlier, Swanson has alleged fraud but has not stated with particularity the circumstances surrounding her allegation. Therefore, we find that Swanson has not complied with Civ.R. 9(B). Consequently, the trial court did not err when it dismissed this claim.
 {¶ 23} We note that in the trial court the Boy Scouts based their motion to dismiss on the Statute of Limitations, not failure to comply with Civ.R. 9(B). As such, the trial court granted the motion to dismiss based on the statute of limitations. We have reached the same result as the trial court but for a different reason. However, the Supreme Court of Ohio has held that a reviewing court is not authorized to reverse a correct judgment because of a trial court's erroneous basis for the judgment. Myers v. Garson (1993), 66 Ohio St.3d 610, 614; Joyce v.General Motors Corp. (1990), 49 Ohio St.3d 93, 96.
 4. Conclusion {¶ 24} After presuming that all of the facts alleged in Swanson's complaint are true and construing all reasonable inferences in favor of Swanson (as the non-moving party), we find that it appears beyond doubt that no provable set of facts would entitle Swanson to relief.
 {¶ 25} Accordingly, we overrule Swanson's sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 12 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED, and Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
Harsha, J.: Dissents with Dissenting Opinion.
[1] Swanson's money request does not comport with Civ.R. 8(A).
[2] To prevail on a claim of fraud, one must prove the following elements: "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." Gaines v. Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54,55, citing Burr v. Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69;Cohen v. Lamko, Inc. (1984), 10 Ohio St.3d 167. *Page 11