[Cite as *Grimm v. Wickman*, 2011-Ohio-3991.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96508**

## ROBERT GRIMM

PLAINTIFF-APPELLANT

vs.

## MICHELLE WICKMAN

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-743314

**BEFORE:** S. Gallagher, J., Kilbane, A.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** August 11, 2011

**FOR APPELLANT**

Robert L. Grimm, pro se
510 Locklie Drive
Highland Heights, OH 44143

**ATTORNEYS FOR APPELLEE**

Jennifer Monty Rieker
Rosemary Taft Milby
Weltman, Weinberg & Reis Co., LPA
200 Lakeside Place
323 Lakeside Ave., West
Cleveland, OH 44113

SEAN C. GALLAGHER, J.:

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel.

{¶ 2} Appellant Robert Grimm appeals the decision of the trial court in Cuyahoga County Common Pleas Court Case No. CV-743314, dismissing all claims against Michelle Wickman with prejudice. For the reasons stated herein, we affirm the judgment of the trial court.

{¶ 3} Grimm alleged in his complaint underlying the current appeal, filed on December 10, 2010, that Wickman made false statements in an affidavit filed in another case, Cuyahoga County Common Pleas Case No. CV-609684, *Parkview Fed. Sav. Bank*

*v. Grimm* ("*Parkview I*"). Wickman filed a motion to dismiss in lieu of answering the complaint and in which, in pertinent part, she asserted the affirmative defenses of the doctrines of res judicata and witness immunity. The trial court summarily granted Wickman's motion to dismiss with prejudice. Grimm timely appealed, asserting one assignment of error.

**{¶ 4}** Grimm's sole assignment of error provides that "[t]he trial court erred in dismissing this case." He argues that the trial court's decision to grant Wickman's motion to dismiss for failure to state a claim was in error because he indeed stated a cognizable claim under Ohio law and the doctrine of res judicata does not apply. Grimm's sole assignment of error is not well taken.

**{¶ 5}** We review an order dismissing a complaint for failure to state a claim for relief de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44. When reviewing a Civ.R. 12(B)(6) motion to dismiss, we must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 280, 2005-Ohio-4985, 834 N.E.2d 791. For a defendant to prevail on the motion, it must appear from the face of the complaint that the plaintiff can prove no set of facts that would justify a court in granting relief. Id.

**{¶ 6}** We first note that Wickman's argument that the doctrine of res judicata prohibits Grimm from advancing his claims against her and that Wickman, as an employee of Parkview Federal, cannot be held liable for actions undertaken in the course

and scope of her employment is not an appropriate argument for a Civ.R. 12(B) motion to dismiss. The Ohio Supreme Court has consistently held that the affirmative defense of res judicata is generally not a proper basis for such motions. *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702. Res judicata as a defense is generally proven through matters not contained in the complaint. *Ardary v. Stepien*, Cuyahoga App. No. 82950, 2004-Ohio-630, ¶ 18. Similarly, Grimm's complaint does not allege the fact that Wickman is an employee of Parkview Federal. In order to even consider Wickman's second argument that she acted within the course and scope of her employment, the trial court would have to look beyond the facts alleged in the complaint. In reviewing motions to dismiss under Civ.R. 12(B)(6), courts are limited to the facts and allegations of the complaint. We agree with Grimm, albeit for different reasons, in that the trial court could not have relied on either of those arguments in granting Wickman's motion to dismiss.

{¶ 7} In this case, however, on the face of the complaint, Grimm claims that Wickman signed an affidavit and filed it in a previous court case. Pursuant to that allegation, Grimm established the necessary fact that Wickman was a witness in a previous court proceeding in considering the witness immunity doctrine. Grimm essentially alleges that Wickman committed perjury by filing a false affidavit.

{¶ 8} "It is a well-established rule that judges, counsel, parties, and witnesses are absolutely immune from civil suits for defamatory remarks made during and relevant to judicial proceedings." *Willitzer v. McCloud* (1983), 6 Ohio St.3d 447, 449, 453

N.E.2d 693. Further, claims of perjury, subornation of perjury, and conspiracy to commit perjury, although punishable under criminal statutes, may not form the basis of a civil lawsuit. *Costell v. Toledo Hosp.* (1988), 38 Ohio St.3d 221, 223-224, 527 N.E.2d 858.

{¶ 9} In *Morrow v. Reminger & Reminger Co., L.P.A.* (10th Dist., 2009), 183 Ohio App.3d 40, 51-52, 915 N.E.2d 696, the defendants were accused of falsifying facts and affidavits in an attempt to thwart execution on a valid judgment. The court held, in accord with Ohio law, that "the giving of false testimony in a judicial proceeding does not give rise to a civil action for damages resulting from the giving of the false testimony even when it is alleged that the witness knew the testimony to be false." (Internal citations omitted.) Id.

{¶ 10} In the current case, if we assume, as we must, that Wickman did in fact make false statements in her affidavit filed in the *Parkview I* case, she is absolutely immune from subsequent civil liability based on that allegation. Grimm, therefore, failed to state a cognizable claim upon which relief could be granted. When considering all the material allegations and all inferences therefrom, in a light most favorable to Grimm, we find that the trial court did not err in granting Wickman's motion to dismiss for failure to state a claim. Grimm's claim as pleaded is specifically prohibited as a matter of law, and no set of facts would therefore entitle him to relief. His sole assignment of error is overruled.

{¶ 11} The decision of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
COLLEEN CONWAY COONEY, J., CONCUR