[Cite as *Lisboa v. Reid*, 2011-Ohio-5842.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 96704

---

## JOSE C. LISBOA, JR.

PLAINTIFF-APPELLANT

vs.

## ROBERT REID, ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-715972

**BEFORE:**  Stewart, P.J., Cooney, J., and S. Gallagher, J.

RELEASED AND JOURNALIZED:  November 10, 2011

FOR APPELLANT

Jose C. Lisboa, Jr., Pro Se
245 Portage Trail — Extension W
Unit 2
Cuyahoga Falls, OH    44223


ATTORNEYS FOR APPELLEES

William D. Mason
Cuyahoga County Prosecutor

BY:    Sara E. Decaro
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶ 1} Plaintiff-appellant, Jose C. Lisboa, Jr., appeals from an order dismissing his civil complaint in replevin, filed against Robert Reid, the Cuyahoga County Sheriff; William Mason, the Cuyahoga County Prosecuting Attorney; and various county law enforcement personnel (unless otherwise noted, we shall collectively refer to these defendants as "the county"). The complaint sought return of $158,755.25 of personal property that Lisboa

claimed had been seized in 2004 following his arrest and guilty plea to charges of domestic violence and aggravated assault. The county sought dismissal of the complaint on grounds that it was barred by res judicata because the judge in Lisboa's criminal case had previously denied his request for return of the property; that the government officials were immune from suit; and that the fraud and abuse of process claims were barred by the statute of limitations. The court dismissed the action without opinion.

{¶ 2} In 2004, Lisboa, a foreign national lawfully residing in the United States, entered a guilty plea to counts of aggravated assault and domestic violence after the state charged him with conspiring with another (a state informant) to frame his estranged wife on drug charges and assault of her alleged lover. The plea was apparently entered on terms that would allow Lisboa to voluntarily leave the United States within 45 days of his conviction rather than be deported. As part of his plea, Lisboa agreed to a ten-year term of community control and further agreed to forfeit $1,481 in U.S. currency and, "in lieu of" forfeiting a 2003 Audi, he agreed to pay the Cuyahoga County Sheriff's Department the sum of $20,000. Lisboa also agreed to forfeit a watch, handgun, and two personal computers. Before Lisboa could leave the country voluntarily, the Immigration and Naturalization Services arrested and deported him.

{¶ 3} After being sentenced, Lisboa filed a motion to withdraw his guilty plea, a motion for a new trial, and separately petitioned the court for postconviction relief. The basis for these motions was that he had obtained an affidavit from the state's informant in which the informant claimed that he had been paid by Lisboa's wife to frame Lisboa. The court denied the motion for a new trial. It combined the motion to withdraw the plea with the petition for postconviction relief for hearing, and denied them both. Lisboa appealed and we reversed, finding that the ten-year period of community control agreed to by the parties in the plea agreement exceeded the maximum term allowable under R.C. 2929.15(A)(1), rendering the plea void and unenforceable. See *State v. Lisboa*, 8th Dist. No. 89283, 2008-Ohio-571, ¶13.

{¶ 4} In May 2008, following remand by this court, Lisboa filed a motion for the return of his property. The court denied the motion in August 2009. Lisboa appealed from that ruling, but we dismissed the appeal for failure to file a brief in accordance with Loc.R. 11.1(B)(4)(b) of the Local Rules of the Eighth Appellate District. See *State v. Lisboa*, 8th Dist. No. 93831, Motion No. 427050.[1]

{¶ 5} Lisboa filed the present action in the court of common pleas on January 20, 2010. He styled his complaint as a "Complaint in Replevin," and

---

[1]In April 2011, Lisboa filed another motion for the return of his property, and in May 2011, he filed a "second motion" for return of his property. The court denied the "second motion" in June

alleged that the named individual defendants and other government personnel colluded in 2004 to instigate criminal proceedings against him for the purpose of preventing his return to the United States and defrauding him of the return of his personal property. Lisboa also alleged that in 2009, the prosecuting attorney fraudulently indicted him on new charges with the same goal of causing his deportation.

{¶ 6} Although Lisboa sets forth four assignments of error that address various procedural aspects of rulings on Civ.R. 12(B) motions to dismiss, we need not address all of them because the claims filed in the complaint were plainly filed outside the relevant statutes of limitation or were barred by prosecutorial immunity.

{¶ 7} Civ.R. 12(B)(6) permits the court to dismiss a complaint if it appears beyond doubt that the plaintiff can prove no set of facts showing the plaintiff's entitlement to recovery. *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus. When the facts pleaded in a complaint demonstrably show that those claims were filed outside the statute of limitations and are time-barred, the complaint may be dismissed pursuant to Civ.R. 12(B)(6). *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶11; *Steiner v. Steiner*

2011.

(1993), 85 Ohio App.3d 513, 518-19, 620 N.E.2d 152; *Jackson v. Sunnyside Toyota, Inc.*, 175 Ohio App.3d 370, 2008-Ohio-687, 887 N.E.2d 370, ¶15.

{¶ 8} The complaint states: "All the events that gave rise to this complaint started for Jose C. Lisboa, Jr. on May 3, 2004, when he was illegally arrested by Cuyahoga County Detectives at his divorce hearing approximately [sic] 10 am." The complaint alleges further that the defendant detectives made a warrantless entry into his office that same date. Lisboa refers to other dates in 2004 on which various alleged causes of action arose.

{¶ 9} To the extent that Lisboa's claims were made against government subdivisions and their employees, those claims were governed by the two-year statute of limitations set forth in R.C. 2744.04(A). As the prosecuting attorney notes, the date on which Lisboa would have been aware of the events giving rise to his allegations was in March 2006. That was the date on which the state's informant in the underlying criminal case submitted an affidavit on Lisboa's behalf stating that he had been paid by Lisboa's wife "for me to encourage Jose Lisboa to pay me to engage in criminal activity against [the wife] and others" and that "[t]he Cuyahoga County Sheriff's Department knew, at all times, that I was being paid cash by [the wife] to arrange, plan and execute the 'set up' of Jose Lisboa." The affidavit conclusively shows that Lisboa was aware of the facts giving rise to this case in 2006, but failed

to file his complaint until 2010. They are barred by the statute of limitations, so the court did not err by dismissing the complaint.[2] [3]

Judgment affirmed.

It is ordered that appellees recover of appellant their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MELODY J. STEWART, PRESIDING JUDGE

SEAN C. GALLAGHER, J., CONCURS AND
COLLEEN CONWAY COONEY, J.,

---

[2]To the extent Lisboa states claims against the prosecuting attorney for the 2009 indictment, those claims are barred by prosecutorial immunity. *Willitzer v. McCloud* (1983), 6 Ohio St.3d 447, 449, 453 N.E.2d 693.

[3]Although not a basis for our decision, we further note that the court that heard Lisboa's criminal case previously denied a similar motion for the return of the property. Res judicata might apply to bar assertion of the replevin claim, but it is an affirmative defense that must be raised in a responsive pleading under Civ.R. 8(C) and cannot be raised for the first time in a Civ.R. 12(B) motion to dismiss. *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702. Thus, "[r]es judicata as a defense is generally proven through matters not contained in the complaint." *Grimm v. Wickman*, 8th Dist. No. 96508, 2011-Ohio-3991, ¶6, citing *Ardary v. Stepien*, 8th Dist. No. 82950, 2004-Ohio-630, ¶18.

CONCURS IN JUDGMENT ONLY