[Cite as *Luburgh v. Bishop*, 2014-Ohio-236.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| WESLEY LUBURGH | : | |
| | : | Appellate Case No. 25818 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2012-CV-7627 |
| v. | : | |
| | : | |
| CLIFFORD M. BISHOP, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of January, 2014.

. . . . . . . . . . .

JAY A. ADAMS, Atty. Reg. #0072135, 36North Detroit Street, Suite 102, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellant

GEORGE D. JONSON, Atty. Reg. #0027124, and G. TODD HOFFPAUIR, Atty. Reg. #0064449, Montgomery, Rennie & Jonson, 36 East Seventh Street, Suite 2100, Cincinnati, Ohio 45202
    Attorneys for Defendants-Appellees

. . . . . . . . . . . .

FAIN, J.

{¶ 1}   Plaintiff-appellant Wesley Luburgh appeals from an order dismissing his complaint against defendants Clifford Bishop, Brady Ware Corporate Finance, L.L.C. and Brady

Ware Capital, L.L.C. Luburgh contends that the trial court erred in granting the defendants' Civ.R. 12(B)(6) motion to dismiss his claim for fraud on statute of limitations grounds.

**{¶ 2}** We conclude that the trial court did err in dismissing the fraud cause of action, because the face of the complaint did not conclusively establish that the fraud cause of action was time-barred. Accordingly, that part of the judgment of the trial court dismissing Luburgh's fraud claim is Reversed, and this cause is Remanded for further proceedings on that claim.

## I. The Course of Proceedings

**{¶ 3}** Luburgh brought this action against the defendants on October 23, 2012. Relevant to this appeal, the complaint alleges as follows:

5. Plaintiff was part owner of Jamestown Transportation, Inc., hereinafter "JTI," incorporated in the State of Ohio on August 20, 1991.

6. JTI was primarily engaged in the trucking and freight transportation industry.

7. Defendant - Bradyware [sic], incorporated in the State of Ohio on February 7, 2005, was and is engaged in the financial planning and accounting industry.

8. Defendant - Clifford M. Bishop, President of Brady Ware Capital, L.L.C., has been employed at Defendant - Bradyware [sic] since 2005, approximately.

9. In or about 2005, JTI employed and utilized the financial services of Defendant - Bradyware [sic] for tax and financial expertise and advice.

10. From 2005 through 2008, approximately, Defendant - Clifford M. Bishop, as agent of Defendant - Bradyware [sic], was the primary financial advisor to JTI.

11. After JTI experienced record losses, Defendant - Clifford M. Bishop contacted Plaintiff in July of 2008 and inquired into Plaintiff's personal finances and assets.

12. During this conversation, Defendant - Clifford M. Bishop explained to Plaintiff that JTI was in danger of "going under" and advised that it was in Plaintiff's best interest, as well as the best interest of JTI, for Plaintiff to close his personal retirement accounts and invest the sums into JTI.

13. Upon further inquiry, Defendant - Clifford M. Bishop explained that should JTI or Plaintiff file bankruptcy, creditors could reach Plaintiff's personal retirement assets.

14. Therefore, Plaintiff closed his personal retirement accounts and invested said assets, totaling over Two Hundred Twenty Thousand U.S. Dollars ($220,000.00), into JTI.

15. Defendant - Clifford M. Bishop never made similar inquiries to other owners of JTI and no other owners of JTI invested their personal funds into JTI pursuant to Defendant-Clifford M. Bishop's advice, described in Paragraphs 11-14 supra.

* * *

18. Shortly after Plaintiff made the aforementioned investment, JTI ceased operating for insolvency and the whereabouts of Plaintiff's aforementioned

investment are unknown.

{¶ 4} The complaint states claims for professional negligence, negligent misrepresentation, and fraud, based upon the allegation that when Bishop told Luburgh that "creditors could reach [his] personal retirement assets" if JTI or Luburgh filed for bankruptcy, the defendants gave advice falling below professional standards, supplied false information and induced Luburgh to rely on their representations.

{¶ 5} Bishop and Brady Ware Corporate Finance and Brady Ware Capital moved under Civ.R. 12(B)(6) to dismiss the complaint, asserting that Luburgh's claims were barred by the applicable statutes of limitation. Luburgh did not respond, and the trial court granted the motion to dismiss.

{¶ 6} Thereafter, Luburgh moved for, and obtained, relief from judgment under Civ.R. 60(B), on the basis of excusable neglect when his counsel inadvertently failed to respond to the motion to dismiss.

{¶ 7} Luburgh then responded to the motion to dismiss, contending that there had been an ongoing relationship between him and the defendants, as well as ongoing representations, even after the actions in July 2008. He also contended that he was not aware of the nature of the misrepresentation until after the transfer of his personal funds and the subsequent loss thereof.

{¶ 8} The trial court granted the motion to dismiss, dismissing all claims with prejudice. Luburgh appeals from the dismissal of his claim for fraud.

## II. Because the Complaint Did Not Show Conclusively that Luburgh's Fraud Cause of Action Was Time-Barred, the Trial Court Erred

**by Dismissing that Cause of Action Under Civ.R. 12(B)(6)**

**{¶ 9}** Luburgh's sole assignment of error is as follows:

THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF BY

GRANTING DEFENDANT'S [SIC] MOTION TO SUPPRESS [SIC].

**{¶ 10}** Luburgh contends that the trial court erred by dismissing his claim for fraud as being barred by the applicable statutes of limitations.[1] In the alternative, he contends that the dismissal should have been without prejudice.

**{¶ 11}** A motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Civ.R.12(B)(6), tests the sufficiency of a complaint. In order to prevail, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief. *O'Brien v. University Community Tenants Union, Inc.,* 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975). The court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations in the complaint as true, and make all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). We conduct a de novo review of the trial court's grant of a Civ.R. 12(B)(6) motion to dismiss. *Grover v. Bartsch,* 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547, ¶ 16 (2d Dist.). "Our review must focus solely on [Luburgh's] complaint, and we may not look to statements contained elsewhere in the record." *Holman v. Dept. of Commerce*, 10th Dist. Franklin No. 12AP-983, 2013-Ohio-3497, ¶ 10.

---

[1] Luburgh concedes that his claims for professional negligence and negligent misrepresentation are subject to a four-year statute of limitations. *Carpenter v. Long*, 196 Ohio App.3d 376, 2011-Ohio-5414, 963 N.E.2d 857, ¶ 107 (2d Dist.); R.C. 2305.09(D). He further concedes that they are barred by the statute of limitations. See *Flagstar Bank v. Airline Union's Mortgage Co.*, 128 Ohio St.3d 529, 2011-Ohio-1961, 947 N.E.2d 672, ¶ 27 ("A cause of action for professional negligence accrues when the act is committed."); accord *Auckerman v. Rogers*, 2d Dist. Greene No. 2011-CA-23, 2012-Ohio-23, ¶ 17-18.

**{¶ 12}** One might suppose that the statute of limitations, being an affirmative defense that must be pled in a responsive pleading, cannot, before it has even been pled, be a ground for dismissal based solely upon the pleadings:

> A motion to dismiss pursuant to Civ.R. 12(B) may not be based upon an affirmative defense not listed under Civ.R. 12(B) because: (1) the burden to plead the defense is on the defendant not the plaintiff; (2) pursuant to Civ.R. 8(C), it is incumbent upon the defendant to plead an affirmative defense in his responsive pleading; and (3) Civ.R. 12(B) envisages seven specific, enumerated defenses that may be raised by motion prior to a responsive pleading. *Tarry v. Fechko Excavating, Inc*. (Nov. 3, 1999), Lorain App. No. 98CA007180, unreported, at 3; *see, also, Oliver v. Wagner* (Dec. 8, 1999), Medina App. No. 2832-M, unreported, at 5. Furthermore, this court has previously held that defenses such as res judicata, the statute of limitations, and sovereign immunity are not defenses that are specifically permitted to be raised by Civ .R. 12(B) prior to a responsive pleading; therefore, they may not be asserted on a motion to dismiss pursuant to Civ.R. 12(B). *State ex rel. Carter v. Vermilion* (May 24, 2000), Lorain App. No. 98CA007275, unreported, at 4; *Oliver, supra; Tarry, supra*.

> * * * Be that as it may, the affirmative defense of the statute of limitations, see Civ.R. 8(C), neither must be pleaded in the complaint as an element of the instant tort action nor is it listed as one of the enumerated defenses which may be raised by motion pursuant to Civ.R. 12(B). Hence, we conclude

that the trial court erred in dismissing Mr. Paul's complaint pursuant to Civ.R. 12(B).

*Paul v. World Metals, Inc.*, 9th Dist. Summit No. 20130, 2001 WL 196513, *2 (Feb. 28, 2001).

{¶ 13} But in *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, the Supreme Court of Ohio has held that: "A motion to dismiss based upon a statute of limitations may be granted when the complaint shows *conclusively on its face* that the action is time-barred." (Emphasis added.) In that case, the Supreme Court held that the plaintiff's complaint conclusively established that his complaint was time-barred, because it demonstrated that at all times since the alleged tort (of sexual abuse), he knew the identity of the perpetrator, knew that the perpetrator was a priest of the defendant archdiocese, and knew that a battery had occurred.[2]

{¶ 14} "To prove a fraud claim, the plaintiff must show that the defendant made a representation that was both material to the transaction and knowingly false with the intent of misleading the plaintiff to rely on it, that the plaintiff justifiably relied on the defendant's representation, and that this reliance caused injury to the plaintiff." *Jackson v. Sunnyside Toyota, Inc.*, 175 Ohio App.3d 370, 2008-Ohio-687, 887 N.E.2d 370, ¶ 12 (8th Dist.). Pursuant to R.C. 2305.09(C), a fraud claim must be filed within four years from the date the cause of action accrued. "Ordinarily, a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed." *Collins v. Sotka*, 81 Ohio St.3d 506, 507, 692

---

[2] The issue in the case was whether the plaintiff had to also know that there might be other victims of the alleged perpetrator. The Supreme Court held that this fact was immaterial. *Id.* at ¶ 20.

N.E.2d 581 (1998). But a cause of action for fraud does not accrue until the plaintiff discovers or should have discovered the fraud. *Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, 180, 546 N.E.2d 206 (1989), paragraph 2(b) of the syllabus. Under the discovery rule, the statute of limitations begins to run when the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered a possible cause of action. *Id.*

{¶ 15} Luburgh's fraud claim is based on his allegation that in July 2008, Bishop advised him that if JTI declared bankruptcy, the creditors of JTI could "reach [his] personal retirement assets[,]" and that it was, thus, in his best interest to close those retirement accounts and invest the monies in JTI.

{¶ 16} The Tenth and Eighth District Courts of Appeal have held that when the complaint does not set forth any mention of a statute of limitations, a reference to tolling or the discovery rule or any dates other than when the fraud was committed [and that being outside the four-year statute of limitations], there is nothing upon which the trial court may infer that the statute of limitations may be extended. *Jackson*, *supra*; *Holman*, *supra*. The trial court relied upon the holding in *Jackson* in dismissing the fraud claim. Query, however, whether a complaint that is silent on the subject of the statute of limitations and events that might toll the running of the statute can be said to show "conclusively on its face" that the statute of limitations has run. *Doe v. Archdiocese of Cincinnati, supra*.

{¶ 17} In the case before us, the complaint refers to July 2008 as the time when Luburgh and Bishop had their first conversation concerning the financial peril to which JTI was exposed. The complaint further alleges that it was "shortly thereafter" that JTI entered bankruptcy and Luburgh was unable to ascertain what happened to his monies. The complaint alleges that

Bishop was the primary financial advisor to the company "from 2005 through 2008."

{¶ 18} In order for a complaint to be susceptible to a Civ.R. 12(B)(6) motion to dismiss on statute-of-limitations grounds, the complaint must show conclusively on its face that the cause of action is time-barred. " * * * [I]t is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits. * * * Judicial discretion must be carefully – and cautiously – exercised before this court will uphold an outright dismissal of a case on purely procedural grounds." *Byrd v. Kirby*, 10th Dist. Franklin Nos. 98AP1081 and 98AP1082, 1999 WL 515455, *2 (July 22, 1999)  (reversing a Civ.R. 12(B)(6) dismissal), quoting *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 192, 431 N.E.2d 644 (1982).

{¶ 19} We conclude that the complaint in the case before us does not show conclusively on its face that Luburgh's fraud cause of action is time-barred.  Construing the complaint most favorably to Luburgh, the references to JTI entering bankruptcy "shortly" after the July 2008 conversation as well as the reference to the fact that Bishop was the primary financial advisor to JTI and its shareholders from 2005 through 2008 are not conclusively inconsistent with a basis for tolling the statute of limitations; to-wit:  that Luburgh did not discover the fraud – that Bishop had misrepresented that Luburgh's retirement assets could be reached by creditors of JTI – until the end of 2008.

{¶ 20} Luburgh's sole assignment of error is sustained.


**III.  Conclusion**

{¶ 21} Luburgh's sole assignment of error having been sustained, that part of the judgment of the trial court dismissing his fraud cause of action is Reversed; the judgment of the

trial court is Affirmed in all other respects; and this cause is Remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.

Copies mailed to:

Jay A. Adams
George D. Jonson
G. Todd Hoffpauir
Hon. Mary L. Wiseman