JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge Nancy R. McDonnell that denied class action certification, under Civ.R. 23, to Delores Mominey's claims against Union Escrow Company ("UEC") and Union National Mortgage Company ("UNMC"). Mominey alleges that UEC and UNMC charged improper fees in the sale of her house, and that she adequately represents a class of people who were charged similar fees. We affirm the judgment in part, reverse in part, and remand.
 {¶ 2} In December of 2000, UEC acted as the escrow agent in the sale of Mominey's home to Zoran and Dragica Mijic. The parties signed a form contract that described the services UEC would perform and identified which party would be liable for the various costs. As seller, Mominey was responsible for "examination of title and title evidence, transfer tax, conveyance fee, conditional filing fee, one-half escrow fee, all taxes and assessments which have attached to the real property * * *, and costs of satisfying the record liens or encumbrances * * *." The agreement also stated that certain fees would shift from buyer to seller in the event the buyer obtained an FHA loan, and that in those circumstances "the cost for preparation of purchaser's mortgage documents for FHA transactions will be charged as directed by the lending institution." On December 18, 2000, UEC delivered documents outlining the assessment of fees and the transaction was closed.
 {¶ 3} Mominey's complaint alleges that UEC improperly charged her a $40 "courier" fee, a $50 "lender's inspection" fee, a $75 "mortgage release handling" fee, and a $44 "special handling shipping" fee. She claims that UEC breached its contract when it charged those fees, and that UNMC was unjustly enriched because it should have paid the courier fee and lender's inspection fee assessed against her. The judge denied her motion for class certification on November 20, 2002, and she appealed the order under R.C. 2505.02(B)(5).
 {¶ 4} Mominey's sole assignment of error challenges the denial of class certification without any explanation of why that decision was made. Although we review the denial of class certification for abuse of discretion, we necessarily give less deference to unexplained orders such as the one here.[1] Nevertheless, reasons in support of the denial are only suggested, not required, and thus we must review the case instead of remanding it for further explanation.[2] This is so even though the judge did not hold a hearing on the motion and there is no indication that she conducted the "rigorous analysis" necessary when deciding whether to certify a class.[3] Therefore, we apply the abuse of discretion standard by recognizing the judge's conclusion and granting it whatever deference appears justified by the record.[4]
 {¶ 5} A claim must satisfy seven requirements before it can be certified as a class action, including: (1) the class must be identifiable and capable of unambiguous definition; (2) the representative must be a member of the class; (3) the class must be so numerous that joinder is impracticable; (4) the members' claims must share common issues of law or fact; (5) the representative's claims must be typical of the class; (6) the representative must fairly and adequately protect the interests of other class members; and (7) the case must present problems of inconsistent judgments, require injunctive relief to prevent a defendant from continuing to harm the class, or present common issues of fact and law that predominate individual issues.[5] The plaintiff has the burden of establishing each requirement.[6]
 {¶ 6} Although Mominey originally requested a single class to govern all claims against both defendants, her arguments implicitly acknowledge that the claims and the defendants must be addressed separately. Furthermore, her reply brief acknowledges that the issues and classes may need separation pursuant to Civ.R. 23(C)(4).
The Claims Against Both UEC and UNMC
 {¶ 7} Mominey asserts that she was assessed certain "lender's fees"[7] that, under the escrow contract, should have been charged to the buyer or to UNMC. Therefore, she not only asserts that UEC breached the contract, but that UNMC was unjustly enriched because it received the benefit of UEC's breach. UNMC has correctly noted that Mominey's proposed class certification is overbroad with respect to the lender's fees because the proposal includes all customers of UEC who were charged lender's fees. UEC's customers would include buyers as well as sellers, and the complaint would not apply to buyers because Mominey alleges that the fees should have been charged to them. Although this difficulty could be addressed through modification of the class designation for these claims, a second problem is not so easily addressed.
 {¶ 8} The escrow agreement, dated December 8, 2000, refers to a set of "instructions" contained in a purchase agreement dated November 6, 2000. Although the escrow agreement distributes charges between the buyer and seller, those terms do not apply if a different distribution is set forth in the purchase agreement. Mominey has established that UEC uses a standard escrow agreement, but she has not shown that the instructions contained in purchase agreements would be standard for all class members. Because her claims against both entities are based on contractual interpretation,[8] her failure to show that the class' claims would be based on identical contract terms defeats her motion for certification.[9] Therefore, she has failed to show that the proposed class, even when limited to sellers, shares common, predominant legal or factual issues with respect to lender's fees, or that her claims are typical of the class as a whole.
The Claims Against UEC Only
 {¶ 9} The claims brought against only UEC concern its assessment of a $75 mortgage release fee and a $44 shipping and handling fee. Mominey alleges that UEC is both statutorily and contractually prohibited from charging the mortgage release fee because it is not part of the government's recording fee, and because the service is already included within UEC's fee for providing general "settlement services." She also claims that a portion of the shipping and handling fee also is prohibited by statute or regulation because the fee is larger than the actual cost of shipping. These claims can be applied to both buyers and sellers who obtained UEC services,[10] so the class is sufficiently identified as UEC customers who were charged such fees within the applicable limitations period.
 {¶ 10} Because the fees for UEC's services are governed by the instructions in the purchase agreement as well as by the standard escrow agreement, Mominey does not satisfy the predominance or typicality requirements, and this portion of her claim cannot proceed as a class action. As with the "lender's fees," the purchase agreement has the potential to change the terms of the escrow agreement for each transaction. Her remaining claims, however, are based on statutory construction and can be litigated without reference to differences in individual contract terms. Therefore, the proposed class' claims share common legal and factual issues that predominate the case and Mominey's claims are typical of the class' claims with respect to statutory interpretation.
 {¶ 11} UEC's only remaining objection to certifying the claims based on statutory construction is that Mominey cannot adequately protect the interests of the class because she has little recollection of the transaction she complains of, is unfamiliar with the factual and legal issues in the case, and did not suspect that the fees she paid were improper at the time of the transaction. UEC asserts that a plaintiff who is unfamiliar with factual and legal issues cannot adequately protect the class and cannot, in fact, represent the class because her lack of knowledge gives the class attorney "unfettered discretion."[11]
However, a class representative's familiarity with legal and factual issues varies depending on the individual case; some litigation does not require him to have an extensive knowledge of the issues, and in some cases it may be unreasonable to expect him to have knowledge.[12] The adequacy inquiry focuses on Mominey's factual or legal knowledge only to the extent that such knowledge is necessary to her role as class representative, and certification is denied on this ground only in extreme cases, such as where the proposed representative's lack of knowledge shows a lack of interest in or lack of connection with the proceedings[13] or threatens to prejudice the class.[14]
 {¶ 12} Mominey's deposition shows that she has expressed both a willingness to act as the class representative and an understanding of that role, and UEC has not challenged her adequacy on those grounds. Her lack of memory concerning the details of the transaction does not hamper her ability to act as representative because the issues concern documented charges; UEC has not shown how her memory of events would change the interpretation of the documents at issue, especially where the only issues remaining for class certification are whether particular charges are statutorily prohibited. Furthermore, UEC cannot rely on the claim that Mominey accepted the charges when they were imposed — it is unreasonable to expect her to review the charges to determine whether they were statutorily authorized, and reasonable to expect her to rely on UEC to comply with the law in assessing fees.
 {¶ 13} The judgment is affirmed in part, reversed in part, and remanded with instructions to allow the class certification on Mominey's claims that the "special handling and shipping" fee and the "mortgage release handling" fee[15] are statutorily prohibited.
APPENDIX A — ASSIGNMENT OF ERROR
 {¶ 14} "The trial court erred and abused its discretion in denying class certification, particularly where it issued no opinion, findings, or analysis suggesting that any Warner element was missing."
 Patricia A. Blackmon, P.J., Concurs Timothy E. McMonagle, J., Concursin judgment only.
[1] Hamilton v. Ohio Savings Bank, 82 Ohio St.3d 67, 70-71,1998-Ohio-365, 694 N.E.2d 442.
[2] Id.
[3] Id.
[4] The difference between this approach and de novo review might be minimal, but it is difficult to determine whether a judge has abused her discretion if there is no evidence that discretion has been exercised. See, e.g., Antal v. Olde Worlde Prods., Inc. (1984), 9 Ohio St.3d 144,146, 9 OBR 392, 459 N.E.2d 223 (abuse of discretion standard cannot be meaningfully applied to unexplained grant of new trial).
[5] Hamilton, 82 Ohio St.3d at 71.
[6] Id.; Carder Buick-Olds Co., Inc. v. Reynolds Reynolds, Inc., 148 Ohio App.3d 635, 640, 2002-Ohio-2912, 775 N.E.2d 531.
[7] The $40 courier fee and the $50 lender's inspection fee are both categorized as "lender's fees."
[8] The unjust enrichment claim against UNMC is viable only if UEC breached the contract.
[9] We draw this conclusion with some hesitation, however, because the type of commonality and predominance issues presented would benefit from a thorough evidentiary presentation and argument before the trial judge prior to appellate review. Nevertheless, the plaintiff maintains the burden of submitting evidence sufficient to support her claims even if the judge does not hold a hearing.
[10] Although it appears the charges would most often, if not always, be made against sellers, the claims would not change if the charges were assessed against buyers.
[11] In re Goldchip Funding Co. (M.D.Pa. 1974), 61 F.R.D. 592,594-595; Seiden v. Nicholson (N.D.Ill. 1976), 69 F.R.D. 681,688-89.
[12] Peil v. Natl. Semiconductor Corp. (E.D.Pa. 1980), 86 F.R.D. 357,366-67; Dura-Bilt Corp. v. Chase Manhattan Corp. (S.D.N.Y. 1981),89 F.R.D. 87, 102-103, citing Chevalier v. Baird Savings Assn. (E.D.Pa. 1976), 72 F.R.D. 140, 146-147.
[13] Greenspan v. Brassler (S.D.N.Y. 1978), 78 F.R.D. 130, 133-134.
[14] Darvin v. Internatl. Harvester Co. (S.D.N.Y. 1985),610 F. Supp. 255, 257.
[15] Lines 1303 and 1304, respectively, of the HUD-1 Settlement Statement referred to in the plaintiff's proposed class designation.