[Cite as *Prime v. Union Escrow Co.*, 2012-Ohio-2389.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 97368 and 97381**

# JOHN PERME, ET AL.

PLAINTIFFS-APPELLEES

vs.

# UNION ESCROW COMPANY, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-519515

**BEFORE:** Blackmon, A.J., Boyle, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** May 31, 2012

**ATTORNEYS FOR APPELLANTS**

**For Union Escrow Company**

Frank J. Groh-Wargo
Mark S. Ondrejeck
Frank J. Groh-Wargo Co., L.P.A.
2 Berea Commons
Suite 215
Berea, Ohio 44017

**For Union National Mortgage Company**

Steven S. Kaufman
Kaufman & Company L.L.C.
1001 Lakeside Avenue
Suite 1710
Cleveland, Ohio 44114

Scott A. King
Thompson Hine L.L.P.
Austin Landing I
10050 Innovation Dr., Suite 400
Dayton, Ohio 45342

Laura L. Watson
Thompson Hine L.L.P.
3900 Key Center
127 Public Square
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEES**

Brian Ruschel
925 Euclid Avenue
Suite 660
Cleveland, Ohio 44115-1405

**Appellees' Attorneys Continued:**

Patrick J. Perotti

Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio 44077

PATRICIA ANN BLACKMON, A.J.:

{¶1}   Appellants Union Escrow Company ("UEC") and Union National Mortgage Company ("UNMC") appeal the trial court's decision granting appellee John Perme's ("Perme")   motion to certify a class action.   UEC and UNMC assign the following error for our review:

**The trial court erred in certifying a class action.**

{¶2}   After reviewing the record and pertinent law, we reverse the trial court's decision and remand for further proceedings.   The apposite facts follow.

<u>Facts</u>

{¶3}   On April 15, 1999, Perme sold his home to a buyer that used a Veteran's Administrative ("VA") loan obtained from UNMC to purchase the house.   The escrow part of the transaction was handled by UEC.   The Escrow Agreement set forth certain conditions related to the payment of closing fees and expenses for VA loans:

> *Unless otherwise specified in the instructions,* **Seller shall be chargeable with the cost of the following items: examination of title and title evidence, transfer tax, conveyance fee, conditional filing fee, one-half escrow fee, all taxes and assessments which have attached to the real property in accordance with O.R.C. 323.11 \* \* \*** *Unless otherwise specified in the instructions,* **Buyer shall be chargeable with the cost of the following items: one-half escrow fee, costs of recording deed and Buyer's mortgage or mortgages, and any item of additional expenses required by the Buyer or mortgage not otherwise provided herein. The cost of any extraordinary expenses shall be borne by the party benefitted thereby.   REGARDLESS OF ANY OTHER AGREEMENTS OF THE PARTIES TO THIS ESCROW TO THE CONTRARY NOTWITHSTANDING, IT IS UNDERSTOOD THAT IF THE BUYER IS OBTAINING A MORTGAGE INSURED UNDER THE SO-CALLED G.I. BILL (V.A.) OR THE PROVISION OF THE NATIONAL HOUSING ACT (FHA) THEN THE REINSPECTION FEES, WAREHOUSE DIFFERENTIAL FEE, TITLE UPDATE, RECORDING OF MORTGAGE ASSIGNMENTS AND TITLE**

**POLICY ENDORSEMENT, UNDERWRITING FEE, SPECIAL TAX SEARCHES, TERMITE INSPECTION, AND REAL ESTATE TAX PAYMENT SERVICE FEES WILL BE CHARGED AGAINST THE SELLER. IT IS FURTHER UNDERSTOOD THAT IF THE BUYER IS OBTAINING A MORTGAGE INSURED UNDER THE SO-CALLED G.I. BILL (V.A.) THEN THE ENTIRE ESCROW FEE SHALL BE CHARGED TO THE SELLER * * * FOR V.A. TRANSACTIONS, DOCUMENT PREPARATION COSTS WILL BE THE SELLER'S EXPENSE.** (Emphasis added.)

**{¶4}** Because the buyer purchased the house with a VA loan, the above provision applied to the transaction, and Perme was required to pay certain fees set forth in the escrow agreement on the buyer's behalf.

**{¶5}** Prior to closing, UEC's fees were printed on a HUD-1 Form (published by the U.S. Department of Housing and Urban Development), which disclosed the various fees Perme would be paying as the seller. Perme reviewed the HUD-1 form, signed it, and did not object to any of the fees prior to closing.

**{¶6}** On January 13, 2004, Perme filed a class action complaint against UEC and UNMC, alleging claims for breach of contract, negligence, violation of the Ohio Consumer Sales Practices Act ("OCSPA"), and fraud. Perme alleged that he and similarly situated individuals were improperly charged fees by UEC and UNMC. The subclasses proposed by Perme in his motion to certify were:

(a) all customers of Union Escrow Company who were charged a mortgage release handling fee (or any similarly-depicted fee) usually found on line 1304 of their HUD-1 settlement statement, since January 4, 1987.

(b) all customers of Union Escrow Company who were charged any fee on their HUD-1 settlement statement for a service provided by a third party where the amount charged was more than was actually paid to the third party, since January 4, 1987.

(c) all sellers who were customers of Union Escrow Company in conventional (i.e. non VA or FHA) transactions who were charged any fees assessed by Union National Mortgage Co. (the Buyer's lender), since January 4, 1987.

(d) all sellers who were customers of Union Escrow Company in VA or FHA transactions who were charged any fees assessed by Union National Mortgage Co. (the buyer's lender) and did not consent in writing to pay those fees, since January 4, 1987.

**{¶7}** After the trial court denied UEC's and UNMC's motions to dismiss and for summary judgment, the parties briefed the class certification issue. The trial court conducted a hearing on the matter and issued an opinion granting Perme's motion to certify the class. In so doing, the trial court found that all of the prerequisites of Civ.R. 23(A) had been met, i.e., identifiable class, class membership, numerosity, commonality, typicality, and adequacy of representation, and that Perme satisfied Civ.R. 23(B)(3)'s superiority and predominance requirements.

### Class Certification

**{¶8}** In their sole assigned error, UEC and UNMC argue the trial court abused its discretion by granting Perme's motion to certify his complaint as a class action suit.

**{¶9}** A trial court has broad discretion in determining whether to certify a case as a class action, and an appellate court should not reverse a class-action determination absent an abuse of discretion. *Marks v. C.P. Chem. Co.*, 31 Ohio St.3d 200, 509 N.E.2d

1249 (1987). However, a trial court's discretion on the question of class certification is not unlimited and must be exercised within the framework of Civ.R. 23. *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 70, 694 N.E.2d 442 (1998). The trial court is required to carefully apply the class-action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied. *Id.*; *see also Brandow v. Washington Mut. Bank*, 8th Dist. No. 88816, 2008-Ohio-1714.

{¶10} Before an action may be certified as a class action, the trial court must make seven affirmative findings: (1) an identifiable class must exist and the definition of the class must be unambiguous, (2) the named representatives must be members of the class, (3) the class must be so numerous that joinder of all the members is impracticable (numerosity), (4) there must be questions of law or fact common to the class (commonality), (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class (typicality), (6) the representative parties must fairly and adequately protect the interests of the class (adequacy), and (7) questions of law or fact common to the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *Hamilton*, 82 Ohio St.3d at 79-80. The failure to satisfy any of these requirements requires a denial of certification. *Mominey v. Union Escrow Co.*, 8th Dist. No. 82187, 2003-Ohio-5933, at ¶ 5; *Lowe v. Sun Refining & Marketing Co.*, 73 Ohio App.3d 563, 568, 597 N.E.2d 1109 (6th Dist.1992).

{¶11}    The same  fees that are at issue in the current appeal were the basis of a class action filed by the same attorneys in the case of *Mominey*, in which this court affirmed in part the trial court's denial of appellant's motion to certify the class.   In that case, the class representative brought a class action suit against UEC and UNMC for the exact same fees that are disputed in the case before us.   The trial court denied the motion.  This court affirmed in part stating that Mominey failed to satisfy the predominance or typicality requirements as to its common law claims.   Mominey had alleged the terms of the escrow agreement were breached; however, we held that  because the escrow fees were dependent on the purchase agreement, the parties could have agreed to pay the fees differently. Because individualized inquiries were required for each class member to determine the effect of the purchase agreement, we concluded the matter could not be certified.    We held, however, that the statutory claims, which did not require individualized inquiry, could proceed as a class action suit.

{¶12}    Mominey filed a motion for reconsideration with our court arguing we raised an issue sua sponte concerning the purchase agreements because the appellees did not raise that issue and that our opinion required that Mominey prove a negative.  We denied the motion for reconsideration and issued an opinion clarifying the holding of the case as to the common law claims.  We explained that Mominey's claims were based upon her allegation that UEC and UNMC breached the escrow contract.  Thus, to be a class action suit, the contract terms needed to be identical.  Mominey failed to show the

terms of the purchase agreements were identical. Like in the instant case, the escrow

agreement states that a purchase agreement could modify the terms. We explained:

> **She asserts that differences in the purchase agreements are minor and do not defeat class certification \* \* \*. We do not doubt, and our opinion in fact held, that common issues could prevail regardless of any terms contained in the purchase agreements. However, Mominey's contractual claims argue only that the escrow agreement prohibits the charged fees, even though the escrow agreement provides only part of the contract's terms and may not control many of the transactions. By ignoring the purchase agreements, Mominey failed to show that differences in the contract terms would not affect the lender's fees.**
>
> **Despite her objections, our opinion did not unfairly call upon her to prove a negative. By stating that she should have addressed the issues of the purchase agreements, we did not state that she was required to prove each one's specific terms. However, her failure to address even the types of terms that generally would be included in the purchase agreements prevents a finding that common issues predominate with respect to the lender's fees.** Motion for Reconsideration Opinion, December 5, 2003.

{¶13} UEC and UNMC contend that our decision in *Mominey* prevents Perme

from filing an identical class action suit. Perme argues that because he alleged in his

complaint that the purchase agreements did not alter the terms of the standard escrow

agreement and because we must accept allegations in the complaint as true, his case is

distinguishable from the *Mominey* decision. We disagree. Since we issued our decision

in *Mominey*, the United States Supreme Court decided *Wal-Mart Stores, Inc. v. Dukes*,

564 U.S. ____, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011). In *Wal-Mart*, the Supreme

court held that "a party seeking class certification must affirmatively demonstrate his

compliance with th[e] Rule — that is, he must be prepared to prove that there are in fact

sufficiently numerous parties, common questions of law or fact, etc." *Id.* at 2551. The

Court noted that "any competently crafted class complaint literally raises common 'questions,'" therefore, more proof is required to certify a class. *Id.* Thus, merely asserting that common issues of law or fact predominate does not satisfy the express requirements under the rule. *Id.*; *see also Cullen v. State Farm Auto. Ins. Co.*, 8th Dist. No. 95925, 2011-Ohio-6621, at ¶ 18-19.

{¶14} Perme also provided an affidavit from his counsel in which counsel testified that he reviewed a number of files and did not find that the allocation of fees had varied. However, this proves that in order to ascertain whether the fees were allocated in a manner different from the instruction in the escrow agreement, each file would have to be manually reviewed to ascertain whether there were other agreements that address the allocation of fees. It also shows that there is no standardized language in the purchase agreements that would prevent the modification of the fees. As we stated in *Mominey*:

> Mominey has established that UEC uses a standard escrow agreement, but she has not shown that the instructions contained in purchase agreements *would be standard* for all class members. Because her claims against both entities are based on contractual interpretation, her failure to show that the class' claims would be based on identical contract terms defeats her motion for certification. (Emphasis added.) *Mominey*, 2003-Ohio-5933, at ¶ 8.

{¶15} In conventional loans, the closing costs are generally negotiated between the buyer and the seller and assessed pursuant to the purchase agreement. UEC and UNMC presented the files of several customers in which the allocation of the charges between the buyer and seller did vary. We are aware that pursuant to federal regulations, certain charges may not be charged to the borrower who procures FHA or VA loans. However, when parties know in advance that the buyer will be obtaining VA or FHA financing, the

seller and buyer could agree that the seller could raise the purchase price in anticipation of paying the fees. Thus, review of the files is still necessary to determine if the escrow agreement was altered by other agreements between the parties; thereby, preventing a breach of contract claim.

{¶16} To satisfy the predominance requirement, the class representative must show that the common questions of law and fact represent a significant aspect of the class and are capable of resolution for all members of the class in a single adjudication. *Shaver v. Std. Oil Co.*, 68 Ohio App.3d 783, 589 N.E.2d 1348 (6th Dist.1990). Where the circumstances of each proposed class member needs to be analyzed to prove the elements of the claim or defense, then individual issues would predominate and class certification would be inappropriate. *Marks v. C.P. Chem. Co., Inc.*, 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987); *Schmidt v. Avco Corp.*, 15 Ohio St.3d 310, 314, 473 N.E.2d 822 (1984).

{¶17} Here, the predominance requirement cannot be met where individualized inquiry into each transaction is necessary. Because of the variation of the facts among the class members and the need to review each individual transaction, class treatment of the common-law claims would result in mini-trials where each class member would be reviewed to determine if they met the class definition.

{¶18} Perme's statutory claim for violation of the OCSPA would not be affected by the contract language and, as we held in *Mominey*, would be suitable for class certification. However, there is a two-year statute of limitations for bringing OCSPA

claims. R.C. 1345.10(C); *Jackson v. Sunnyside Toyota, Inc*., 175 Ohio App.3d 370, 2008-Ohio-687, 887 N.E.2d 370 (8th Dist.). Perme's trans-action occurred on June 14, 2001; therefore, his claim would expire on June 14, 2003. Perme, however, did not file his action until January 13, 2004. In his amended complaint, Perme argued the filing of the class claim in *Mominey* tolled the applicable statute of limitations. However, the complaint in *Mominey* was filed on January 4, 2002, after the statute of limitations had already run. Thus, because Perme's OCSPA claim is time barred, he cannot be the representative of the class on this claim.

{¶19} We conclude the trial court abused its discretion in certifying the class. UEC's and UNMC's assigned error has merit and is sustained.

{¶20} Judgment reversed and remanded.

It is ordered that appellants recover from appellees their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., CONCURS;
FRANK D. CELEBREZZE, JR. J., CONCURS
IN JUDGMENT ONLY