[Cite as *Perme v. Union Escrow Co.*, 2012-Ohio-3448.]

# Court of Appeals of Ohio, Eighth District

County of Cuyahoga
Gerald E. Fuerst, Clerk of Courts

JOHN PERME, ET AL.

|  |  |  |
|---|---|---|
| Appellees | COA NO.<br>97368, 97381 | LOWER COURT NOS.<br>CV 519515 |
| | COMMON PLEAS COURT | |
| -vs- | | |
| UNION ESCROW COMPANY, ET AL. | MOTION NO. | 455899 |
| Appellants | | |

Date: August 2, 2012

The journal entry and opinion of this court in this case, released on May 31, 2012, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 2.2(A)(1).

It is hereby ordered that said journal entry and opinion of May 31, 2012, 2012-Ohio-2389, be vacated, as stated above.

The corrected entry is attached.


MARY J. BOYLE, J., and

FRANK D. CELEBREZZE, JR., J., CONCUR

PATRICIA ANN BLACKMON
ADMINISTRATIVE JUDGE

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 97368 and 97381**

---

## JOHN PERME, ET AL.

PLAINTIFFS-APPELLEES

vs.

## UNION ESCROW COMPANY, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:
AFFIRMED IN PART,
REVERSED IN PART AND REMANDED**

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-519515

**BEFORE:** Blackmon, A.J., Boyle, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** August 2, 2012

## ATTORNEYS FOR APPELLANTS

**For Union Escrow Company**

Frank J. Groh-Wargo
Mark S. Ondrejeck
Frank J. Groh-Wargo Co., L.P.A.
2 Berea Commons
Suite 215
Berea, Ohio 44017

**For Union National Mortgage Company**

Steven S. Kaufman
Kaufman & Company L.L.C.
1001 Lakeside Avenue
Suite 1710
Cleveland, Ohio 44114

Scott A. King
Thompson Hine L.L.P.
Austin Landing I
10050 Innovation Dr., Suite 400
Dayton, Ohio 45342

Laura L. Watson
Thompson Hine L.L.P.
3900 Key Center
127 Public Square
Cleveland, Ohio 44114

## ATTORNEYS FOR APPELLEES

Brian Ruschel
925 Euclid Avenue
Suite 660
Cleveland, Ohio 44115-1405

**Appellees' Attorneys Continued:**

Patrick J. Perotti
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio 44077

ON RECONSIDERATION[1]

PATRICIA ANN BLACKMON, A.J.:

{¶1} Appellants Union Escrow Company ("UEC") and Union National Mortgage Company ("UNMC") appeal the trial court's decision granting appellee John Perme's ("Perme") motion to certify a class action. UEC and UNMC assign the following error for our review:

**The trial court erred in certifying a class action.**

{¶2} After reviewing the record and pertinent law, we affirm the trial court's decision in part and reverse and remand in part. The apposite facts follow.

## Facts

{¶3} On April 15, 1999, Perme sold his home to a buyer that used a Veteran's Administrative ("VA") loan obtained from UNMC to purchase the house. The escrow part of the transaction was handled by UEC. The Escrow Agreement set forth certain conditions related to the payment of closing fees and expenses for VA loans:

> ***Unless otherwise specified in the instructions,*** **Seller shall be chargeable with the cost of the following items: examination of title and title evidence, transfer tax, conveyance fee, conditional filing fee, one-half escrow fee, all taxes and assessments which have attached to the real property in accordance with O.R.C. 323.11 * * * *Unless otherwise specified in the instructions,* Buyer shall be chargeable with the cost of the following items: one-half escrow fee, costs of recording deed and Buyer's mortgage or mortgages, and any item of additional expenses**

---

[1]The original announcement of decision, *Perme v. Union Escrow Co. & Union Natl. Mtge. Co.*, 8th Dist. Nos. 97368 and 97381, 2012-Ohio-2389, released on May 31, 2012, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct. Prac.R. 2.2(A)(1).

**required by the Buyer or mortgage not otherwise provided herein. The cost of any extraordinary expenses shall be borne by the party benefitted thereby. REGARDLESS OF ANY OTHER AGREEMENTS OF THE PARTIES TO THIS ESCROW TO THE CONTRARY NOTWITHSTANDING, IT IS UNDERSTOOD THAT IF THE BUYER IS OBTAINING A MORTGAGE INSURED UNDER THE SO-CALLED G.I. BILL (V.A.) OR THE PROVISION OF THE NATIONAL HOUSING ACT (FHA) THEN THE REINSPECTION FEES, WAREHOUSE DIFFERENTIAL FEE, TITLE UPDATE, RECORDING OF MORTGAGE ASSIGNMENTS AND TITLE POLICY ENDORSEMENT, UNDERWRITING FEE, SPECIAL TAX SEARCHES, TERMITE INSPECTION, AND REAL ESTATE TAX PAYMENT SERVICE FEES WILL BE CHARGED AGAINST THE SELLER. IT IS FURTHER UNDERSTOOD THAT IF THE BUYER IS OBTAINING A MORTGAGE INSURED UNDER THE SO-CALLED G.I. BILL (V.A.) THEN THE ENTIRE ESCROW FEE SHALL BE CHARGED TO THE SELLER * * * FOR V.A. TRANSACTIONS, DOCUMENT PREPARATION COSTS WILL BE THE SELLER'S EXPENSE.** (Emphasis added.)

**{¶4}** Because the buyer purchased the house with a VA loan, the above provision applied to the transaction, and Perme was required to pay certain fees set forth in the escrow agreement on the buyer's behalf.

**{¶5}** Prior to closing, UEC's fees were printed on a HUD-1 Form (published by the U.S. Department of Housing and Urban Development), which disclosed the various fees Perme would be paying as the seller. Perme reviewed the HUD-1 form, signed it, and did not object to any of the fees prior to closing.

**{¶6}** On January 13, 2004, Perme filed a class action complaint against UEC and UNMC, alleging claims for breach of contract, negligence, violation of the Ohio Consumer Sales Practices Act ("OCSPA"), and fraud. Perme alleged that he and

similarly situated individuals were improperly charged fees by UEC and UNMC. The subclasses proposed by Perme in his motion to certify were:

(a) all customers of Union Escrow Company who were charged a mortgage release handling fee (or any similarly-depicted fee) usually found on line 1304 of their HUD-1 settlement statement, since January 4, 1987.

(b) all customers of Union Escrow Company who were charged any fee on their HUD-1 settlement statement for a service provided by a third party where the amount charged was more than was actually paid to the third party, since January 4, 1987.

(c) all sellers who were customers of Union Escrow Company in conventional (i.e. non VA or FHA) transactions who were charged any fees assessed by Union National Mortgage Co. (the Buyer's lender), since January 4, 1987.

(d) all sellers who were customers of Union Escrow Company in VA or FHA transactions who were charged any fees assessed by Union National Mortgage Co. (the buyer's lender) and did not consent in writing to pay those fees, since January 4, 1987.

{¶7} After the trial court denied UEC's and UNMC's motions to dismiss and for summary judgment, the parties briefed the class certification issue. The trial court conducted a hearing on the matter and issued an opinion granting Perme's motion to certify the class. In so doing, the trial court found that all of the prerequisites of Civ.R. 23(A) had been met, i.e., identifiable class, class membership, numerosity, commonality, typicality, and adequacy of representation, and that Perme satisfied Civ.R. 23(B)(3)'s superiority and predominance requirements.

## Class Certification

**{¶8}** In their sole assigned error, UEC and UNMC argue the trial court abused its discretion by granting Perme's motion to certify his complaint as a class action suit.

**{¶9}** A trial court has broad discretion in determining whether to certify a case as a class action, and an appellate court should not reverse a class-action determination absent an abuse of discretion. *Marks v. C.P. Chem. Co.*, 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987). However, a trial court's discretion on the question of class certification is not unlimited and must be exercised within the framework of Civ.R. 23. *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 70, 694 N.E.2d 442 (1998). The trial court is required to carefully apply the class-action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied. *Id.*; *see also Brandow v. Washington Mut. Bank*, 8th Dist. No. 88816, 2008-Ohio-1714.

**{¶10}** Before an action may be certified as a class action, the trial court must make seven affirmative findings: (1) an identifiable class must exist and the definition of the class must be unambiguous, (2) the named representatives must be members of the class, (3) the class must be so numerous that joinder of all the members is impracticable (numerosity), (4) there must be questions of law or fact common to the class (commonality), (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class (typicality), (6) the representative parties must fairly and adequately protect the interests of the class (adequacy), and (7) questions of law or fact common to the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and

efficient adjudication of the controversy. *Hamilton*, 82 Ohio St.3d at 79-80. The failure to satisfy any of these requirements requires a denial of certification. *Mominey v. Union Escrow Co.*, 8th Dist. No. 82187, 2003-Ohio-5933, at ¶ 5; *Lowe v. Sun Refining & Marketing Co.*, 73 Ohio App.3d 563, 568, 597 N.E.2d 1109 (6th Dist.1992).

{¶11} The same fees that are at issue in the current appeal were the basis of a class action filed by the same attorneys in the case of *Mominey*, in which this court affirmed in part the trial court's denial of appellant's motion to certify the class. In that case, the class representative brought a class action suit against UEC and UNMC for the exact same fees that are disputed in the case before us. The trial court denied the motion. This court affirmed in part stating that Mominey failed to satisfy the predominance or typicality requirements as to its common law claims. Mominey had alleged the terms of the escrow agreement were breached; however, we held that because the escrow fees were dependent on the purchase agreement, the parties could have agreed to pay the fees differently. Because individualized inquiries were required for each class member to determine the effect of the purchase agreement, we concluded the matter could not be certified. We held, however, that the statutory claims, which did not require individualized inquiry, could proceed as a class action suit.

{¶12} Mominey filed a motion for reconsideration with our court arguing we raised an issue sua sponte concerning the purchase agreements because the appellees did not raise that issue and that our opinion required that Mominey prove a negative. We denied the motion for reconsideration and issued an opinion clarifying the holding of the

case as to the common law claims. We explained that Mominey's claims were based upon her allegation that UEC and UNMC breached the escrow contract. Thus, to be a class action suit, the contract terms needed to be identical. Mominey failed to show the terms of the purchase agreements were identical. Like in the instant case, the escrow agreement states that a purchase agreement could modify the terms. We explained:

> **She asserts that differences in the purchase agreements are minor and do not defeat class certification * * *. We do not doubt, and our opinion in fact held, that common issues could prevail regardless of any terms contained in the purchase agreements. However, Mominey's contractual claims argue only that the escrow agreement prohibits the charged fees, even though the escrow agreement provides only part of the contract's terms and may not control many of the transactions. By ignoring the purchase agreements, Mominey failed to show that differences in the contract terms would not affect the lender's fees.**
>
> **Despite her objections, our opinion did not unfairly call upon her to prove a negative. By stating that she should have addressed the issues of the purchase agreements, we did not state that she was required to prove each one's specific terms. However, her failure to address even the types of terms that generally would be included in the purchase agreements prevents a finding that common issues predominate with respect to the lender's fees.** Motion for Reconsideration Opinion, December 5, 2003.

{¶13}   UEC and UNMC contend that our decision in *Mominey* prevents Perme from filing an identical class action suit. Perme argues that because he alleged in his complaint that the purchase agreements did not alter the terms of the standard escrow agreement and because we must accept allegations in the complaint as true, his case is distinguishable from the *Mominey* decision. We disagree. Since we issued our decision in *Mominey*, the United States Supreme Court decided *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. ____, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011). In *Wal-Mart*, the Supreme

court held that "a party seeking class certification must affirmatively demonstrate his compliance with th[e] Rule — that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Id.* at 2551. The Court noted that "any competently crafted class complaint literally raises common 'questions,'" therefore, more proof is required to certify a class. *Id.* Thus, merely asserting that common issues of law or fact predominate does not satisfy the express requirements under the rule. *Id.*; *see also Cullen v. State Farm Auto. Ins. Co.*, 8th Dist. No. 95925, 2011-Ohio-6621, at ¶ 18-19.

{¶14} Perme also provided an affidavit from his counsel in which counsel testified that he reviewed a number of files and did not find that the allocation of fees had varied. However, this proves that in order to ascertain whether the fees were allocated in a manner different from the instruction in the escrow agreement, each file would have to be manually reviewed to ascertain whether there were other agreements that address the allocation of fees. It also shows that there is no standardized language in the purchase agreements that would prevent the modification of the fees. As we stated in *Mominey*:

> Mominey has established that UEC uses a standard escrow agreement, but she has not shown that the instructions contained in purchase agreements *would be standard* for all class members. Because her claims against both entities are based on contractual interpretation, her failure to show that the class' claims would be based on identical contract terms defeats her motion for certification. (Emphasis added.) *Mominey*, 2003-Ohio-5933, at ¶ 8.

{¶15} In conventional loans, the closing costs are generally negotiated between the buyer and the seller and assessed pursuant to the purchase agreement. UEC and UNMC presented the files of several customers in which the allocation of the charges between the

buyer and seller did vary. We are aware that pursuant to federal regulations, certain charges may not be charged to the borrower who procures FHA or VA loans. However, when parties know in advance that the buyer will be obtaining VA or FHA financing, the seller and buyer could agree that the seller could raise the purchase price in anticipation of paying the fees. Thus, review of the files is still necessary to determine if the escrow agreement was altered by other agreements between the parties; thereby, preventing a breach of contract claim.

{¶16} To satisfy the predominance requirement, the class representative must show that the common questions of law and fact represent a significant aspect of the class and are capable of resolution for all members of the class in a single adjudication. *Shaver v. Std. Oil Co.*, 68 Ohio App.3d 783, 589 N.E.2d 1348 (6th Dist.1990). Where the circumstances of each proposed class member needs to be analyzed to prove the elements of the claim or defense, then individual issues would predominate and class certification would be inappropriate. *Marks v. C.P. Chem. Co., Inc.*, 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987); *Schmidt v. Avco Corp.*, 15 Ohio St.3d 310, 314, 473 N.E.2d 822 (1984).

{¶17} Here, the predominance requirement cannot be met where individualized inquiry into each transaction is necessary. Because of the variation of the facts among the class members and the need to review each individual transaction, class treatment of the common-law claims would result in mini-trials where each class member would be reviewed to determine if they met the class definition.

**{¶18}** We conclude, however, the trial court did not err in certifying the first subclass regarding the mortgage release fees. UEC charged Perme a settlement fee and a mortgage release fee. Evidence was presented that the mortgage release fee was also charged as part of the settlement fee with the result being that the customers were double billed for the mortgage release fee.

**{¶19}** We held in *Mominey* that the claim that clients were double billed for the mortgage release fee would not be affected by the contract language in the purchase agreements and would be suitable for class certification pursuant to the OCSPA. Instead of pursuing the claim on that basis, the attorneys in *Mominey* refiled another class action using Perme as the class representative. Perme again brought a claim regarding the double billing of the mortgage release fee. The two-year statute of limitations for bringing the OCSPA claim has expired for Perme because his transaction occurred on June 14, 2001. *Jackson v. Sunnyside Toyota, Inc.*,175 Ohio App.3d 370, 2008-Ohio-687, 887 N.E.2d 370 (8th Dist.). However, unlike in *Mominey*, Perme also sought judgment for the double payment based on unjust enrichment, breach of fiduciary duty, and fraud. The expiration of the OCSPA claim does not prevent Perme from seeking relief on the other grounds asserted.

**{¶20}** UEC argues that Perme is not an appropriate member of the class because the trial court certified the claim against UEC and UNMC, and, as the seller, Perme did not pay any amount to UNMC, the buyer's lender. We agree that Perme did not directly make a payment to UNMC. UEC charged Perme for the mortgage release fees, which

Perme paid. However, the purpose of the fees was to assure that Perme's mortgage was released. If the seller's mortgage on the property is not released, a title policy cannot be issued to the new lender because it would not be the first lien holder on the property. Therefore, although Perme paid the fees to UEC, it was UNMC who benefitted from the payment because UEC assured the lien was released on UNMC's behalf. In fact, UEC officers could not explain at their depositions why UNMC was not directly charged the fee instead of the seller. The president of UEC, Manfred Hegwer, also testified in his deposition that UEC charged the fees at UNMC's direction. Therefore, there was sufficient evidence to conclude Perme was an adequate class representative even though he did not make direct payments to UNMC.

{¶21} UNMC and UEC argue Perme's common law claims cannot be supported based on the evidence. They contend a breach of fiduciary duty cannot be pursued when Perme admitted he was aware of the mortgage release fees but paid anyway. However, Perme's counsel alleges that because the clients did not receive the HUD form until after closing, they could not have known what fees they were agreeing to pay. Also, the fact that the mortgage release fee was also charged as part of the settlement service fee was not revealed until after discovery was done in the case.

{¶22} UNMC and UEC also argue that fraud is not appropriate for a class action; however, in the instant case, all of the class members were charged a double fee. The misrepresentation was the HUD-1 form listed a separate mortgage release fee without

revealing to the customer that the fee was already contained in the settlement services fee. Under these circumstances, we contend it is possible to have a class action for fraud.

{¶23} Finally, UNMC and UEC argue that Perme cannot bring an unjust enrichment claim when there is an express contract. However, the existence of a contract alone does not prevent an unjust enrichment claim. Unjust enrichment is invalidated as a claim only when an express contract provides a remedy. *Daup v. Tower Cellular, Inc.,* 136 Ohio App.3d 555, 569, 737 N.E.2d 128 (10th Dist.2000). There is no such express contract here because as we held the purchase agreement would not vary the terms of the mortgage release fees. Therefore, the unjust enrichment claim is not affected by the purchase agreements.

{¶24} Thus, there is an identifiable class and the named representative is a member of the class. There is also evidence that the numerosity element is satisfied as over a thousand clients were identified. The commonality prerequisite was met because all of the class members were double billed for the mortgage release fee. Typicality is met as Perme has no express conflict with the class and can adequately represent the class. Because the amount of the double billing is less than $100, it would uneconomical for each class member to bring their own suit. Therefore, a class action is the superior method for adjudication. Accordingly, UEC's and UNMC's assigned error is sustained in part and overruled in part.

{¶25} Judgment affirmed in part, reversed in part and remanded.

It is ordered that appellants and appellees share their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR